IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL WIDMER, # B-30985,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**UNKNOWN PARTY Mailroom** )<br>**Employees - John/Jane Does #1-#3,** )<br>**LAWLESS, DILLMAN,** )<br>**UNKNOWN INTERNAL AFFAIRS** )<br>**Staff - John/Jane Does #1-#3,** )<br>**and KEMPFER,** )<br>)<br>**Defendants.** ) | Case No. 13-cv-787-MJR |

# **MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

This matter is before the Court for review of Plaintiff's First Amended Complaint (Doc. 24), filed on November 7, 2013. After the Court reviewed Plaintiff's original complaint in *Widmer v. Page, et al.*, Case No. 13-cv-663-MJR-SCW (Doc. 1 in the instant case), Plaintiff's claim against the Unknown Party Mailroom Employees who opened his legal mail was severed from the original case into this action. Plaintiff was then ordered (Doc. 10) to file an amended complaint in order to identify the unknown defendants.

The First Amended Complaint names Defendant Dillman (the prison mailroom supervisor), as well as three still-unknown mailroom Defendants, in connection with the improper opening of Plaintiff's legal mail in June 2013 (Doc. 24, pp. 5, 7). This claim shall be designated herein as **COUNT 1**.

In addition to this original claim, Plaintiff includes new allegations of constitutional violations by other Defendants. Some of these new claims are related to his rights

to send and receive mail, but two of the new claims involve separate and distinct incidents and Defendants. The new allegations in the First Amended Complaint are summarized below.

In July 2013, Plaintiff's incoming regular mail was delivered to him very late, ranging from 20 days to 45 days after the postmarked date (Doc. 24, pp. 5-6). This delay was caused by the Unknown Mailroom Employee Defendants, as well as the Unknown Internal Affairs Staff Defendants (Doc. 24, p. 7). Plaintiff asserts that this group of Defendants has engaged in a civil conspiracy to obstruct his legal and regular mail. Defendant Dillman admitted in a hearing before this Court that she and other mailroom employees have opened incoming prisoner legal mail outside the presence of the inmate recipient. Despite Plaintiff's complaints about the delays and obstruction of his mail, the Unknown Internal Affairs Staff refused to conduct any investigation.

On July 31, 2013, when Plaintiff was being transferred to another facility for a court writ, Defendant Lawless (correctional officer) confiscated, read, and then destroyed Plaintiff's legal mail and documents that Plaintiff intended to take with him (Doc. 24, p. 6). When Plaintiff asked for his documents, Defendant Lawless took him into another room. There, Defendant Lawless and two other officers stripped Plaintiff naked, and told him they wanted to make sure they got all his legal documents. No other inmate scheduled for transfer that day was strip-searched or had his legal documents confiscated. As a result of losing his legal material, which included several witness affidavits, Plaintiff was unprepared for his hearing in Ford County Circuit Court Case No. 11-JA-1, and he lost his parental rights.

Defendant Kempfer removed Plaintiff's written grievances from his cell door, read them, and threw them in the trash on two occasions (Doc. 24, p. 8). A couple of these complaints were against Defendant Kempfer. On October 8, 2013, after reading Plaintiff's

grievances against him, Defendant Kempfer "assaulted" Plaintiff, and then denied him access to his legal storage materials until an assistant attorney general in another pending case made an inquiry about the problem.

Plaintiff requests this Court to set a hearing and enjoin the Unknown Party Mailroom and Internal Affairs Defendants from continuing to interfere with his regular and legal mail and from engaging in other misconduct, once these parties are identified (Doc. 24, p. 8). He also seeks damages and declaratory relief.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

As Plaintiff was advised when he was ordered to submit an amended complaint, this amended pleading is subject to a merits review pursuant to § 1915A. As with any prisoner complaint, the Court is required to conduct a prompt threshold review of the amended pleading, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action in **COUNT 1** against Defendant Dillman and the Unknown Party Mailroom Defendants, for improperly opening Plaintiff's legal mail outside his presence. In addition, Plaintiff has pled sufficient facts to warrant further review of the following related claim:

**COUNT 2:** Against Defendant Dillman, the Unknown Party Mailroom Defendants, and the Unknown Party Internal Affairs Staff Defendants, for causing inordinate delay in the delivery of Plaintiff's regular mail.

Plaintiff has stated two more cognizable claims. However, neither is related to the claims in Counts 1 or 2, nor are they related to each other. These claims are as follows:

**COUNT 3:** Against Defendant Lawless, for interference with Plaintiff's access to the courts with regard to the Ford County parental rights case, and for improperly reading and confiscating Plaintiff's legal documents;

**COUNT 4:** Against Defendant Kempfer for retaliation, for denying Plaintiff access to his stored legal materials and for destroying Plaintiff's grievances, after learning that Plaintiff attempted to file grievances against him.

Each of these claims involves conduct that has nothing to do with the opening of Plaintiff's legal mail or the delays in delivering his regular mail by the mailroom or internal affairs staff. Therefore, if Plaintiff wishes to pursue the claims in Counts 3 and/or 4 against Defendant Lawless or Defendant Kempfer, he must do so in separate actions. *See George v. Smith*, 507 F.3d 605 (7th Cir. 2007) (unrelated claims against different defendants belong in separate lawsuits).

Consistent with the *George* decision and Federal Rule of Civil Procedure 21, the Court shall sever **Count 3** and **Count 4** of Plaintiff's First Amended Complaint, and shall open two new cases with newly-assigned case numbers for those claims. As with the severance of this matter from his original case, Plaintiff shall have an opportunity to voluntarily dismiss either or both newly severed cases if he does not wish to proceed on those claims or incur the additional filing fees.

## Claims to be Dismissed

Plaintiff's remaining allegations fail to state a claim upon which relief may be granted, and shall be dismissed as described below.

## Count 5: Civil Conspiracy

In addition to his substantive claims for mail interference in Counts 1 and 2,

Plaintiff seeks to add a conspiracy claim against Defendant Dillman, the Unknown Party Mailroom Defendants, and the Unknown Party Internal Affairs Staff Defendants for the mail obstruction. Under the intracorporate conspiracy doctrine, a 42 U.S.C. § 1985 conspiracy claim "cannot exist solely between members of the same entity." *Payton v. Rush Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 632 (7th Cir. 1999). Plaintiff has alleged that the defendants are members of the same entity, the Illinois Department of Corrections, and that they were all working in the IDOC's interest. Therefore, the defendants cannot be sued under § 1985 conspiracy. *See id. See also Wright v. Ill. Dep't Of Children and Family Servs.*, 40 F.3d 1492, 1508 (7th Cir. 1994). Further, "the function of a conspiracy claim under 42 U.S.C. § 1985(3) is to 'permit recovery from a private actor who has conspired with state actors.'" *Turley v. Rednour*, 729 F.3d 645, 649 n.2 (7th Cir. 2013) (quoting *Fairley v. Andrews*, 578 F.3d 518, 526 (7th Cir. 2009)). No private actor is named herein. Finally, the conspiracy allegation does nothing but add needless complexity to this action. For these reasons, the conspiracy claim (Count 5) shall be dismissed with prejudice.

**Count 6: Failure to Investigate Complaints**

The Unknown Internal Affairs Staff had no constitutional obligation to investigate Plaintiff's complaints regarding the mail obstruction and delayed delivery. The Seventh Circuit instructs that the alleged mishandling of complaints or grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Of course, Plaintiff has alleged that these unknown Defendants were directly involved in the delay in delivering his regular mail. He may proceed on that claim in Count 2

above. However, he cannot maintain an independent constitutional claim for the failure to investigate his complaints. Count 6 shall therefore be dismissed with prejudice.

**Count 7: Strip Search Claim against Defendant Lawless**

Strip searches that are not related to legitimate security needs or are conducted in a harassing manner in order to humiliate and inflict psychological pain, may be found unconstitutional under the Eighth Amendment. Further, even if a valid penological reason existed for the search, "the manner in which the searches were conducted must itself pass constitutional muster." *Mays v. Springborn*, 719 F.3d 631, 634, (7th Cir. 2013) (group of inmates were strip searched together, gratuitously exposing prisoners' nude bodies to each other, while guards uttered demeaning comments); *Mays v. Springborn*, 575 F.3d 643, 649-50 (7th Cir. 2009); *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003) (a strip search conducted in a harassing manner intended to humiliate and inflict psychological pain could violate the Eighth Amendment); *see also Meriwether v. Faulkner*, 821 F.2d 408 (7th Cir. 1987) (allegation of calculated harassment by strip searches stated Eighth Amendment claim), *cert. denied*, 484 U.S. 935 (1987).

However, Plaintiff's description of the circumstances of the strip search by Defendant Lawless does not suggest an Eighth Amendment violation. The search was conducted in a private room, with just two other officers present. Plaintiff does not allege that his body was exposed to the view of other prisoners, that he was the target of humiliating or demeaning comments, or that he was repeatedly made to submit to strip searches. The fact that Plaintiff appears to have been singled out for this treatment does not of itself amount to a constitutional violation. The point of the incident, according to the guards' comments, seems to have been to relieve Plaintiff of all his legal documents – a claim that may proceed against Defendant Lawless

in Count 3, if Plaintiff elects to pursue that severed case. The separate strip-search claim (Count 7) shall be dismissed with prejudice.

**<u>Count 8: Assault and Access to Court Claims against Defendant Kempfer</u>**

As noted above, Plaintiff may proceed on the retaliation claim (Count 4) against Defendant Kempfer in a case to be severed. However, he has failed to state any other independent constitutional claim against this Defendant. The mere assertion that Defendant Kempfer "assaulted" Plaintiff does not describe the Defendant's actual conduct, but instead is a bare legal conclusion. The Seventh Circuit instructs that when evaluating the merits of a *pro se* complaint, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Absent any factual information, the Court cannot conclude that Defendant Kempfer used excessive force against Plaintiff or that this "assault" violated any other constitutional right.

Plaintiff's allegation that Defendant Kempfer withheld his legal storage materials in October 2013 may constitute an act of retaliation, but does not support a claim for denial of access to the courts. An inmate has no constitutional claim unless he can demonstrate that a non-frivolous legal claim has been frustrated or impeded. *Lewis v. Casey*, 518 U.S. 343, 352-53 (1996). Plaintiff does not indicate that Defendant Kempfer's denial of access to his legal material imposed any actual or potential limitation on his access to the courts. Actual or threatened detriment is an essential element of an access-to-court claim. *Howland v. Kilquist*, 833 F.2d 639, 642-43 (7th Cir. 1987); *Hossman v. Sprandlin*, 812 F.2d 1019, 1021-22 (7th Cir. 1987). As Plaintiff does not assert that he suffered any impairment to his pursuit of any of his many pending legal actions, the amended complaint does not state a claim against Defendant Kempfer for denial of access to the courts.

Both claims against Defendant Kempfer in Count 8 shall be dismissed. Plaintiff has had ample opportunity to fully plead the factual allegations in support of his claims. Moreover, despite being instructed to limit his amended complaint to his original claim of improper opening of his legal mail, Plaintiff added multiple new claims which have been designated as Counts 2 through 8 herein. Although the Court would have been justified in striking Plaintiff's amended complaint for failure to comply with the order at Doc. 10, Plaintiff will be allowed to pursue three of his additional claims if he so desires. However, the Court's patience with Plaintiff's attempts to expand this action has reached its limit (*See* Doc. 13). Accordingly, the dismissal of the claims in Count 8 shall be with prejudice.

**Pending Motions**

Plaintiff's motion for temporary restraining order (Doc. 15) and motion for recruitment of counsel (Doc. 16) shall be referred to United States Magistrate Judge Williams for further consideration.

Plaintiff's "Statement to Court," which is construed as a motion for issuance of summons (Doc. 27), shall be **GRANTED IN PART AND DENIED IN PART.** Service shall be ordered below on Defendant Dillman, who is the only Defendant remaining in this action who has been identified by name. No service shall be ordered at this time on the Unknown Defendants or on the Defendants involved in the cases to be severed.

**Disposition**

**COUNTS 5, 6, 7, and 8** are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's claims in **COUNTS 3 and 4,** which are unrelated to the mail interference claims in Counts 1 and 2, are each **SEVERED** into two separate new cases. Those new cases shall be:

(1) Claims against **DEFENDANT LAWLESS** for interference with access to the courts in his Ford County parental rights case, and for reading and confiscating Plaintiff's legal documents (Count 3 herein);

(2) Retaliation claim against **DEFENDANT KEMPFER**, for denial of access to legal materials and destroying grievances (Count 4 herein).

The new cases **SHALL BE ASSIGNED** to the undersigned District Judge for further proceedings. In each of the new cases, the Clerk is **DIRECTED** to file the following documents:

(1) This Memorandum and Order;
(2) The First Amended Complaint (Doc. 24);
(3) Plaintiff's motion to proceed *in forma pauperis* (Doc. 3).

Plaintiff is **ADVISED** that if, for any reason, he does not wish to proceed with one or both of the newly-opened cases, he must notify the Court in writing within 35 days (on or before January 6, 2014), specifying which case(s) he wishes to voluntarily dismiss. Unless Plaintiff notifies the Court that he does not wish to pursue the newly opened action(s), he **will be responsible for an additional filing fee** of $350.00 in each new case. No fee will be charged in any case voluntarily dismissed by Plaintiff. Service shall not be ordered on the Defendants in the severed cases until after the deadline for Plaintiff's response.

**IT IS FURTHER ORDERED** that the *only claims remaining in this action are COUNTS 1 and 2*, regarding Plaintiff's legal and regular mail. This case shall now be captioned as: **MICHAEL WIDMER, Plaintiff, vs. UNKNOWN PARTY MAILROOM EMPLOYEES, DILLMAN, and UNKNOWN INTERNAL AFFAIRS STAFF, Defendants.**

**IT IS FURTHER ORDERED** that Defendants **LAWLESS and KEMPFER** are **TERMINATED** from *this* action with prejudice.

As to **COUNTS 1 and 2**, which remain in the instant case, the Clerk of Court shall prepare for Defendant **DILLMAN:** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (John/Jane Doe) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by

the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 16), and consideration of the motion for TRO (Doc. 15).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **REMINDED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 2, 2013**

s/ MICHAEL J. REAGAN
United States District Judge